### RANDOLPH et al. v. MISSOURI-KANSAS-TEXAS R. CO. et al.
### Civ. A. No. 4211.

United States District Court
W. D. Missouri, W. D.

Sept. 24, 1951.

See also, 85 F.Supp. 846.

Cliff Langsdale, Kansas City, Mo., for plaintiffs.

Cooper, Neel, Sutherland & Rogers, Kansas City, Mo. and M. E. Clinton, Dallas, Tex., for Missouri-Kansas-Texas R. Co.

John Murphy and J. Gordon Siddens, of Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., for individual defendants and Brotherhood of Railroad Trainmen.

REEVES, Chief Judge.

■ The above case came on for final hearing on May 29, 1951. By a stipulation of the parties the proceedings on previous hearings were made a part of the record. This means that all evidence previously taken was to be considered in the final hearing. Additional testimony was offered at the hearing and the defendants Trainmen were granted leave to file motion to strike, motion to dismiss plea to the jurisdiction of the court, and, in like manner, they were granted leave to file an amended answer to plaintiffs' complaint as well as a cross claim to defendant railroads. They were also granted leave to file a motion to vacate order permitting the plaintiffs to file their supplemental and dependent bill of complaint filed September 29, 1948, and to vacate and set aside restraining order of September 29, 1948, and other motions.

At the conclusion of the hearing the parties were granted leave to file requests for findings of fact and statements of conclusions of law. This has been done by all of the parties, that is to say, the plaintiffs, the corporate defendants, and the Trainmen defendants.

The plaintiffs requested that the findings of fact and conclusions of law heretofore given by the court be made the findings of fact and the statement of conclusions of law on the final hearing.

The evidence on final hearing has been examined together with the briefs of the parties and the identical conclusion is reached as that on the previous hearing. The factual situation was unchanged by additional evidence.

The several motions of the defendant Trainmen are largely repetitious and same have been examined and should be overruled.

The findings of fact proposed by the plaintiffs, including those heretofore given, together with statement of conclusions of law appear to be in harmony with the evidence and the same are granted as requested, in toto, including, as stated, findings of fact and conclusions of law heretofore given on behalf of the plaintiffs.

■ The findings of fact and statement of conclusions of law offered by the Trainmen have been examined, and such findings designated as 1, 2, 2A, as well as 3, 4, 5, 6, 7, have all been given as requested. All of the rest up to and including requested finding 31, have been refused, and, in like manner, all of the requested conclusions of law submitted by defendant Trainmen (32 in number) have been refused except requested conclusion 6, as follows: "The named defendant, E. R. Bryan (who died May 15, 1951) is not a party to this action, having neither been served with process nor having entered his appearance herein." The court relies upon the assurance of counsel that such is a fact. It appears that this conclusion should have been a finding of fact submitted in the requests for such.

As indicated, all of the supplemental findings requested by the plaintiffs have been given, together with their requested statement of conclusions of law. The supplemental findings requested by plaintiffs are 13 in number, and the conclusions of law are 7 in number, including an additional one not numbered, but entitled "Randolph, et al. v. Missouri-Kansas-Texas, Findings of Fact." This was presented after the trial and was supplemental to the formal requests previously made.

The corporate defendants have submitted 25 requests for findings of fact. These have been examined and appear to be in harmony with those given for the plaintiffs, perhaps, in many instances, covering the same subject matter. These have been given as requested. If, however, they should be in conflict with those given for the plaintiffs, then findings of fact given for plaintiffs should prevail. The conclusions of law requested by the railroads have all been given save the first and the seventeenth; the court is doubtful whether these two requested conclusions of law should have been given but resolved the doubt in favor of the plaintiffs.

In view of the above, a decree should be rendered as requested by the plaintiffs, and same will be prepared and submitted by counsel for plaintiffs. An order overruling all motions will be filed at the same time this memorandum is filed.